FILED

March 30, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:30 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Anthony Leas | ) | Docket No.      2015-05-0415 |
| | ) | |
| v. | ) | State File No.   57288-2015 |
| | ) | |
| Opus Inspection, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale Tipps, Judge | ) | |

---

### Affirmed and Remanded - Filed March 30, 2016

---

The employee alleges injuring his left foot and ankle getting out of a vehicle while performing his job duties as an inspector. After the authorized treating physician opined the employee's injuries were not primarily caused by his work, the employer denied the claim. The employee filed a request for expedited hearing seeking medical and temporary disability benefits and asked that a determination be made based on a review of the file without an evidentiary hearing. The trial court found no additional information was needed to render a decision and denied benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Anthony Leas, Smyrna, Tennessee, employee-appellant, pro se

Shaterra Reed, Brentwood, Tennessee, for the employer-appellee, Opus Inspection, Inc.

**Factual and Procedural Background**

Anthony Leas ("Employee"), a twenty-six-year-old resident of Rutherford County, Tennessee, was employed as an inspector by Opus Inspection, Inc. ("Employer"). Employee claims that on July 15, 2015, he suffered an injury to his left foot and ankle while exiting a vehicle in the course of his employment, entitling him to medical and temporary disability benefits.

Six days later, on July 21, 2015, Employee went to the emergency room at Stonecrest Medical Center and reported an ankle injury that occurred two days prior. According to the hospital's records, the mechanism of injury was unknown. Although some swelling was noted, x-rays revealed no fractures. Employee was given a splint and a prescription for pain medication and was discharged.

Employee reported the injury to Employer the following day, July 22, 2015, and completed an injury report stating that driving a car with a manual transmission and then stepping out of the vehicle caused him to strain his knee. According to Employee, x-rays performed at Stonecrest Medical Center the previous day showed he "had tore [sic] [the] muscles in [his] foot which was a secondary factor of the knee being strained." Employer provided a panel of physicians from which Employee chose Dr. Joseph Wieck.

Employee saw Dr. Wieck on August 27, 2015. The office note from that visit reflects Employee reported a three-month history of left foot pain that began without a specific injury. He described getting out of a car on May 15, 2015 and feeling pain in his left knee and ankle, although at the time of his visit with Dr. Wieck Employee complained of pain in his foot. Dr. Wieck noted that Employee had been seen approximately three years previously for pain in his left foot, and an MRI performed at that time had been interpreted as normal. Dr. Wieck's August 27, 2015 physical examination of Employee's foot and knee revealed no tenderness or instability and Employee had full strength and range of motion. Employee brought the x-rays of his ankle and knee to the appointment, and Dr. Wieck obtained x-rays of Employee's foot, all of which were normal. Dr. Wieck diagnosed Employee with a foot sprain. Employer subsequently sent a questionnaire to Dr. Wieck asking whether Employee's "left foot sprain is 50% or greater caused by him getting out of a car and feeling pain in his knee 07/15/2015." Dr. Wieck responded in the negative. Thereafter, Employer denied the claim.

Employee filed a petition for benefit determination and, after mediation efforts were unsuccessful, requested that the trial court render a decision based on a review of the file without an evidentiary hearing. The trial court determined no additional information was needed to decide the case and issued an order denying benefits on the basis that the authorized physician had opined the injury was not primarily caused by the employment and that Employee had not presented evidence sufficient to rebut the

2

presumption of correctness afforded the authorized physician's opinion. Employee has appealed.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

An injured worker may be granted medical or temporary disability benefits prior to trial when he or she presents sufficient evidence to enable the trial court to conclude that the worker would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2015). This standard does not relieve an employee of the burden of producing evidence of an injury by accident arising primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted even if that evidence does not rise to the level of a preponderance of the evidence. *Buchanan v. Carlex Glass*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

Here, the trial court determined that Employee's authorized treating physician, Dr. Wieck, opined that his injury was not primarily caused by his employment and that Employee had not presented any medical evidence to rebut the presumption of correctness afforded that opinion. *See* Tenn. Code Ann. § 50-6-102(14)(E) (2015). On appeal, Employee points to no medical evidence contrary to the trial court's ruling, and

our review of the record reveals none.  Thus, we have no difficulty affirming the trial court's decision to deny benefits at this point in the case.

## Conclusion

We hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case.  Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed.  The case is remanded for any further proceedings that may be necessary.

_Marshall L. Davidson, III_

**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**

**FILED**

**March 30, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:30 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Anthony Leas | ) | Docket No. 2015-05-0415 |
| | ) | |
| v. | ) | |
| | ) | State File No. 57288-2015 |
| Opus Inspection, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of March, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Anthony Leas** | | | | | X | a.leas@yahoo.com |
| **Shaterra Reed** | | | | | X | Shaterra.Reed@LibertyMutual.com |
| **Dale Tipps, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov